```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
            CHARLOTTE DIVISION
              3:10CV317-MU-02
```

ROBERT WORTH JAMES WEBER, II  )
    Plaintiff,              )
                                )
     v.                     )
                                )
CHIP BAILEY, Sheriff of Meck-)
  lenburg County;            )
ALS BROWN, Supervisor for Ar-)     O R D E R
  mark c/o Mecklenburg County )
  Sheriff's Department,      )
    Defendants.              )
_____)

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint brought under 42 U.S.C. § 1983, filed July 12, 2010. (Doc. No. 1).

### I. STANDARD OF REVIEW

At the outset, the Court acknowledges its authorization to conduct an initial review of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and to dismiss those cases or claims which do not pass frivolity review. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (dismissal appropriate whether claim "lacks an arguable basis either in law or fact"); Neitzke v. Williams, 490 U.S. 319 (1989) (sua sponte dismissal appropriate where claim is based on a meritless legal theory); Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996) (noting that Congress' intent under a predecessor statute was to authorize the dismissal of "insubstantial"

claims); Nasim v. Warden, 64 F.3d 951, 954 (4th Cir. 1995) (en banc) (noting the district court's broad discretion in determining whether an in forma pauperis action is factually frivolous). In other words, an action should be dismissed "if it does not allege enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (internal citations omitted). In conducting this initial review, the Court is mindful of its obligation to liberally construe Plaintiff's allegations under Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, such obligation does not relieve Plaintiff of his duty to assert a claim cognizable within the jurisdiction of Court and upon which the court can grant relief.

Indeed, notwithstanding the Court's obligation to liberally construe Plaintiff's allegations, the Court is well aware that it is not required "to ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th cir. 1990). The Court also is not required to accept unsupported legal allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986). Nor is this Court required "to "conjure up questions never squarely presented," Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), to develop tangential claims from scant assertions in the complaint," Lowdermilk v. LaManna,

2009 WL 2601470 (D. S.C. 2009), or to "rewrite a petition" for the benefit of a plaintiff. Wise v. South Carolina Dept. of Corr., 2006 WL 1879001 (D. S.C. July 6, 2006).

In addition, the Fourth Circuit has indicated that "whatever purposes the complaint form might serve, it does not . . . create upon the district court an obligation to <u>sua sponte</u> raise and address any and every claim that might arguably be presented by the facts as presented." <u>See</u> Brock v. Carroll, 107 F..3d 241, 242-43 (4th Cir. 1997). With these principles in mind, the Court has determined that Plaintiff's Complaint must be <u>dismissed</u> with prejudice for his failure to state a cognizable claim for relief.

## II. FACTUAL BACKGROUND

By his Complaint Plaintiff alleges that during a period while he was being housed at the Mecklenburg County Jail he was assigned to work in the baking section of the kitchen under the supervision of Defendant Brown, who is identified by Plaintiff as an employee of Aramark (a private food services company). (Doc. No. 1 at 3). On an occasion in March 2009, Plaintiff allegedly "was ordered to pull the baking racks out of the oven, presumably by Defendant Brown, though such rack reportedly had a sign advising that it was "out of service" and should not be used. (<u>Id</u>. at 4)). According to Plaintiff, when he started pulling it out of the oven, "the rack tilted and all of the sheet pans of baked

3

cake fell on [his] face, chest, arms and hands," causing him to sustain "several burns and abrasions . . . on the bridge of his nose, his right arm and forearm, leaving [him] with physical injuries and opened wounds." (Id.).

Following that incident, Plaintiff allegedly was taken to the Medical unit where he was bandaged and then returned to his cell. (Id.). Once he returned to his cell, Plaintiff was told that he was terminated from his job and was being reassigned to general population. (Id.). When Plaintiff arrived at his new cell he was issued a floor mat and made to sleep on the floor. (Id.).

Plaintiff alleges that he sought further treatment for his injuries and that despite "the opinion of other medical personnel that plaintiff required hospitalization," Defendants Bailey and Brown refused to allow him to be transported to the hospital to receive "appropriate treatment nor surgery or special rehabilitation . . . ." (Id. at 5-6). Instead, Plaintiff reportedly received only Tylenol and bandages for his injuries and pain. (Id. at 6).

Plaintiff alleges that he had difficulty sleeping due to his injuries and pain. (Id. at 7). Plaintiff further alleges that he "suffered . . . mental anguish and permanent scars consisting of nine permanent scars of four inches long approx. and half of

4

an inch wide on [his] right arm and one scar across the bridge of his nose. . . ." (Id.). Last, Plaintiff alleges that he subsequently filed a grievance after which he became "the target of harassment and retaliation" from Defendants as evidenced by the termination of his job as a baker and his transfer to a different unit of the Jail where he was made to sleep on the floor. (Id.).

Consequently, Plaintiff claims an entitlement to relief for: (1) Defendants' "breach of duty to protect and provide [a] safe work environment" and their "deliberate indifference to [his] health and safety by failing to provide safety equipment even though [Defendant Brown] had been informed of a threat to plaintiff's health and safety" (id. at 8); Defendant Bailey's alleged authorization of the use of the defective kitchen equipment and his authorization of "Plaintiff's new housing arrangements. . ." (id. at 9); Defendant Baileys deliberate indifference to his health by failing to authorize Plaintiff's transportation to a hospital for additional treatment (id. at 10); and both Defendants' retaliatory actions taken in response to his filing a grievance about these matters. (Id. at 12). By way of relief, Plaintiff asks this Court for "compensatory, punitive and nominal" damages, and asks the Court not to "reduce damages under contributory negligence theory if Plaintiff were ordered to do the act that caused the plaintiff injury . . . ." (Id. at 4).

5

## III. ANALYSIS

### 1. Unexhausted allegations

Plaintiff's Complaint seeks recovery for what he perceives as multiple violations of his constitutional rights. More particularly, Plaintiff alleges that he was injured as a result of Defendants' failure to issue him appropriate safety equipment, their denial of adequate medical care, and their retaliatory actions of terminating his employment and transferring him to another unit at the Jail. However, in response to a question on his Complaint form concerning his exhaustion of his administrative remedies, Plaintiff merely reports that he filed a grievance complaining that he was "injured due to the negligence of supervisor A[] Brown; [he] was fired for unjustifiable reasons; and [he] was directed to sleep on floor mats with open wounds."

The Prison Litigation Reform Act of 1995 mandates that "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, it is axiomatic that exhaustion is mandatory and unexhausted claims cannot be brought in federal court. Woodford v. Ngo, 548 U.S. 81, 85-89 (2006). A, a prisoner's failure to exhaust his administrative remedies is an affirmative defense; therefore, the prisoner does not have to special-

6

ly plead or demonstrate exhaustion in his complaint. <u>Jones v. Bock</u>, 549 U.S. 199, 211-12 (2007). Nevertheless, a court may dismiss a prisoner § 1983 action on initial review, but only when it is apparent from the face of the complaint that the prisoner has not exhausted administrative remedies. <u>See</u> <u>Anderson v. XYZ Correctional Health Services</u>, 407 F.3d 674, 678-83 (4th Cir. 2005) (noting that 42 U.S.C. § 1997(e)(c)(2) "clearly contemplates the dismissal on the merits of some claims that have not been exhausted"; and that while failure to exhaust is an affirmative defense, that fact does not "foreclose in all cases the possibility of a sua sponte dismissal on exhaustion grounds.").

Here, Plaintiff admittedly did not submit a grievance concerning the adequacy of his medical treatment. Thus, Plaintiff's allegations of inadequate medical care must be dismissed without prejudice for his failure to exhaust those matters.

### 2. **Defendant Bailey**

Plaintiff sets forth several allegations against Defendant Bailey but fails to allege a single, non-conclusory fact to establish that Bailey can be held liable to him. Indeed, Plaintiff does not allege any facts to establish that Defendant Bailey even was aware of the circumstances of these incidents as would be minimally required under a theory of supervisory liability. <u>See</u> <u>Shaw v. Stroud</u>, 13 F.3d 791, 798 (4th Cir. 1994); <u>and</u> <u>Slakan v.</u>

7

Porter, 737 F.2d 368 (4th Cir. 1984). Nor does Plaintiff allege any facts to establish that the circumstances he encountered were the result of an official County "policy or custom" as would be required under a theory of municipal liability. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (doctrine of respondeat superior does not establish § 1983 liability); and Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity). Therefore, this Complaint must be dismissed as to Defendant Bailey.

### 3. **Defendant Brown**

Plaintiff alleges that Defendant Brown breached her duty to provide a safe work environment. However, such allegation clearly sounds in negligence and does not allege a violation of any of Plaintiff's constitutional rights. Consequently, this allegation fails to state a cognizable claim for relief under § 1983. See Miltier v. Beor, 896 F.2d 848 (4th Cir. 1990) (noting that mere negligence does not violate the Eighth Amendment).

Plaintiff also complains that Defendant Brown terminated him from his employment in retaliation for his having filed a grievance about the kitchen incident. However, in order to state a claim for retaliation, Plaintiff must establish that the alleged-

8

ly retaliatory action was taken in response to the exercise of some constitutionally protected right or the act itself violated such a right.  See generally Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).  Inasmuch as the law is clear that there is no constitutional right to participate in the grievance process, Id. at 75, nor has Plaintiff demonstrated, notwithstanding the alleged motivation for his termination, that he suffered an adverse impact on any of his constitutional rights as a result of that termination, American Civil Liberties Union v. Wicomico County, 999 F.2d 780, 784 (4th Cir. 1993);  therefore, this allegation also fails to state a cognizable claim for relief.  See Callender v. Sioux City Residential Treatment Facility, 88 F.3d 666, 669 (8th Cir. 1996) (removing inmate from work release program and returning him to prison does not deprive inmate of a liberty interest).

Finally, as to Plaintiff's remaining claim that Defendant Brown was deliberately indifferent to his safety by failing to provide him with appropriate safety equipment, that allegation also fails.  Indeed, Plaintiff does not identify the equipment which he believes he should have been issued.  Equally significant, Plaintiff does not allege any facts to even suggest that Defendant Brown acted pursuant to some sort of municipal policy so as to give rise to a cause of action as contemplated in Col-

9

lins v. City of Harker Heights, Tex, 503 U.S. 115, 121 (1992), (citing Monell, 436 U.S. at 690-91 (explaining that § 1983 liability requires showing that official municipal policy caused a constitutional tort). While it is regrettable that Plaintiff was injured, that does not change the Court's conclusion that the facts alleged here, while perhaps actionable in State court under some other theory, simply do not raise a constitutional claim for relief.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** Plaintiff's Complaint is **DISMISSED** for his failure to state a constitutional claim for relief. 28 U.S.C. § 1915A(1)(b).

**SO ORDERED.**

Signed: July 20, 2010

Graham C. Mullen
United States District Judge